CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 15 2011
JULIA C. DUDLEY, CLERK
BY: /s/ H. McDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| SAMUEL A. MARVIN, <br> Plaintiff, | Civil Action No. 7:11-cv-00324 |
| v. | MEMORANDUM OPINION |
| GEORGE HINKLE, et al., <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Samuel A. Marvin, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants George Hinkle, Warden of the Greenville Correctional Center ("GCC"), and D.Y. Kinsley, the Coordinator of the Court-Appointed Attorney program. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his complaint. A state court may appoint an attorney to assist inmates with legal matters about their incarceration if a Commonwealth's Attorney asks for the appointment upon a request from a warden. GCC had two attorneys appointed, and each attorney was split between different categories of inmates. Plaintiff was considered a "S-1 cluster" inmate, but the attorney assigned to the S-1 cluster no longer accepted inmate requests. Plaintiff complains that he was without counsel to help him prepare his state habeas petition, and thus, the defendants violated his Sixth Amendment right to counsel. Plaintiff requests as relief $450,000.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C.

§§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Inmates have a constitutional right to reasonable access to courts to challenge their convictions or vindicate their constitutional rights. See Bounds v. Smith, 430 U.S. 817, 838 (1977). However, "Bounds did not create an abstract, freestanding right to a law library or legal assistance"; these options are means for ensuring "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds, 430 at 825). Thus, Bounds does not require a particular method to ensure reasonable access to courts but requires only a state-provided capability to bring an action related to a criminal appeal, collateral attack, or civil rights violations. Id. at 356. However, the right of reasonable access to courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002). Thus, a plaintiff must also "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued." Christopher, 536 U.S. at 417 (internal footnote omitted). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Id. at 416. Accordingly, in order to plead a backward looking denial of reasonable access to courts claim, a plaintiff must identify with specificity a non-frivolous legal claim that a defendant's actions prevented him from litigating. Christopher, 536 U.S. at 415-16; Lewis, 518 U.S. at 353 n.3. This requirement means the "inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions. . . . The fact that an inmate may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim."

3

Godfrey v. Washington Cnty., Va., Sheriff, No. 7:06-cv-00187, 2007 U.S. Dist. LEXIS 60519, at *39, 2007 WL 2405728, at *13 (W.D. Va. Aug. 17, 2007) (citing Lewis, 518 U.S. at 351).

Plaintiff presently fails to state a claim upon which relief may be granted because he fails to show how he was prejudiced by the lack of legal assistance. Furthermore, plaintiff fails to describe any meritorious claim that would have provided him habeas relief that he was precluded from raising. Notably, plaintiff fails to even allege that he ever filed a habeas petition or otherwise pursued a collateral attack of his state-court conviction. Plaintiff's claim that the lack of assistance from a court-appointed attorney is an automatic constitutional deprivation is not supported by Bounds because he does not have a "free standing right" to an attorney's assistance to file a state habeas petition. Accordingly, plaintiff presently fails to state a claim upon which relief may be granted, and I dismiss the complaint without prejudice.

III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:** This 15th day of July, 2011.

_____
Senior United States District Judge